11-14-112-CR

To whom it may concern, my name is Johnny Eugene Sandah.

I am ~~watching~~ writing this petition for Discretionary Review

I was wanting to know if you Recieved my Petition

I did not know at the time that I had to send it to

Your office I Mailed it to the Palo Pinto County Courts

in Palo Pinto Texas. I am Requesting a Discretionary Review

for the following "Violations" ineffective assistance of

Counsel ( with Prosecuting & appealant attorney) and Article

15.17 arrest under warrant - Duties of arresting officer and

Magistrate Chapter 8 - 45 Statements induced By

Promises - Texas Voluntariness standard and Promises -

"Promises that do Positive" article 8:46 Statements induced

by Promises - Texas Voluntariness standard and Promises -

Made by or Sanctioned by Person in authority

Chapter 8:47 Statements induced by Promises - Texas

Voluntariness Standard and Promises - influences suspect

to confess untruthfully

Chapter 8:48 Statements induced By deception

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 06 2015
Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS
FEB 06 2015
Abel Acosta, Clerk

Article 8:49 statements induced by deception -
Due Process and Deception ~~also~~ article 8:61
warnings Required, in my claim for ineffective ~~the~~
assistance of counsel (ex parte y Barra 629 sw 2d 943
(TX Crim app. 1982) ex parte Bartield 697 sw 2d 420
(TX Crim. app 1985) ~~the~~ insufficient evidence
on the ex parte y Barra my attorney Richard Ritchie was
ineffective for not investigating my (defendant) case and
failing to present evidence of the behalf of myself (defendant)
if attorney would have presented the courts the video
of my interrogation the courts would have seen the
violation of chapter 8:45 + 49 statements induced by
promises. Detective Jeremy Hamscher "if you tell me
what you did then I will tell the DA this was an
accident" then I stated "if I did it" also I was
coerced into making a involuntary plea agreement
legal counsel advised me that if I say I did this

counsel ( Richard Ritchie ) states that defendant ( myself ) has Been Diagnosed with Depression disorder and Bi-Polar syndrome ( also was recently diagnosed by BCJ mental health expert has to been diagnosed has to having Post traumatic stress disorder (PTSD) defendant has Been Prior to suicide attempts several times ( including while incarcerated at Palo Pinto County Jail & TDCJ) By ways Of cutting wrists and overdosing on Prescription medications defendant ( myself ) had regularly attended MHMR ( in Weatherford texas and mineral Wells texas) To see a psychiatrist and was admitted to Millwood Hospital ( Arlington texas) in April Of 2013 defendant is on medication currently for a variety of Mental Disorders , Counsel was unable to

Offense I would Recieve Probation. Prosecuting attorney had Prepared and submitted a motion in interst of applicants (myself) mental and physical Disabilities. Section III of Defendants Ex Parte Motion for expert and investigative assistance (filed 11-14-2013) Counsel had obtained information Of significance value that caused him to prepare this motion. (Knowing that I (defendant) has severe mental issues Which it had been presented at trial and disclosed Disclosed to the courts this would have a great tendency to mitigate applicant's (myself) defense and leave other options available for applicants (myself) defense to recieve more extensive mental treatment and a verdict of not Guilty By Reason of insanity. applicants (myself)

I did not fully understand all the questions that were questioned to me at the time of my trial. I have no understanding what so ever as to legal issues. The video would also show that I referred to continue interrogation which prompted the detective to violate the false promise rule. Also statements from witnesses have been designed to create the perception that I was responsible for my son's injury without any factual basis by means of unwarranted reductions and hearsay. Plea can not be overturned. I pray upon the courts to consider reckless assault misdemeanor with time served. Also request me being indigent I pray for the courts to consider article 43.091 waiver of payments of fines and costs for indigent

to determine if defendant (myself) was understanding of what I was being charged with and questions whether he (myself) would be able to aid in my defense sect (3) Even if the defendant was sane at the time of the alleged offense his profoundly disturbed mental state caused by my mental problems set out above may render myself culpable of only a lesser included offense & may constitute mitigating evidence if counsel would have presented this at the time of my trial & may not be in fact also the video of my interrogation was presented at trial in my defense. my prosecuting attorney knew of my unstable mental illness but still coerced me into pleading for probation →

Attendants. Please Review my interrogation and also please allow me to view this video as well I was not able to review video as well I was not able to review video my attorney only fast forwarded video to "my confession" Poor wifi connection next to my confession" Poor wifi connection prevented me from being able to properly defend myself since this was evidence in this legal matter I should have the legal right to view any and all evidence for and against myself. I Joel have the legal right to view any and all evidence for and against myself. I Joel deny me to view this video please let me know why I would be denied access to evidence in this case.

Thank you
Johnny Acosta

~~the~~ victim went Back to school following ~~medical~~
Re-Prescribed Allergy medication which makes
him Drowsy also Grandmother wanted him
to Get used to new environment so how does this
Sort effect that injury was intentional
talk to Linda Reid - Grandmother - mother
Darline Davos also Primary Physician Tim
Tarkenton M.D (licensed Physician) in Mineral
Wells TX. also State has not shown evidence
that Miranda rights were Read to me by either
Arresting Officer ~~Officer~~ Christen Bilski - "
I placed Johnny under arrest and transported
him to Mineral Wells Police Department Jeans
was Booked in Policy and Procedure Neither was
Read Miranda rights by assting officer
I have a witness who will verify that
rights were not Read to me at scene of arrest

Mag. Also hearsay defendant "Johnny (Senior)" stated that he to had been treating injury with neosporin since Saturday. Statement from state witness Jeremy Hamscher (detective mineral wells police department) regarding @ victims injury. District attorney - It's not serious Bodily injury your opinion is it? State witness Jeremy Hamscher - "no it is not" cook's children's hospital diagnoses of injury. Bruise on victim's penis was caused by either being pulled possible from a kick to the child's scrotum injury does not show injury was actually caused by me nothing stated as to how laceration was inflicted treatment for injury - neosporin child went Back to school child missed a week of school he was held out of school due to being

the 8 years I recieved from the courts was offered **before** any motions were filed so how did I benefit from any motions that were filed by him. also appealant attorney spoke to me one time (4-15-14) "you plead guilty didn't you"? he never would correspond with me to verify any violations of my civil rights being violated. There was (is) no evidence that this injury was ~~healed before~~ recovered from injury intent. victim was ~~healed before~~ recovered from injury before first court appearance november 2013 in fact injury was almost healed before interrogation 09-2013  also statements from witness stephanie ann giles's interview (audio) removed he excluded from record due to irrelevant information regarding to the offense in this case (paragraph #3) see page 2 of 2 concerning roaches in trailer

also my prosecuting attorney was ineffective Because he is not a licensed physician or mental Health expert. Do you Believe that your client is competent to enter that plea? (guilty) lawyer (Richard Ritchie) he is your to honor ( after advising me if you say you did it you will get probation) attorney was appointed november 2013 But did not petition the courts for probation until January 2014 which was submitted to the courts ( after me repeatedly refusing probation) lawyer - the courts do not see where you have been convicted of a felony I repeatedly refused probation offer until he states to me are you having a hard time distinguishing the difference between a misdeameanor and a felony? also he advised me not to go to jury trial because no one would believe that I did not hurt my son because I was alone (allegedly) with him at time of injury.

witness needs to Be interviewed in Private without anyone else (family) with her also she does not need to know exactly why she is being interviewed until she arrives due to ~~outside~~ influence from family. I was convicted due to my radical illness (Explosive Personality disorder)." Based on the severity of this case the fact that it's not an isolated incident and his Explosive Personality disorder that he admits he has tendencies towards anger and violence the state Believes that it's in the interest of the community that he be sentenced to the institutional division of TDCJ. once again if my attorney would have Presented the video of my interrogation (which I did not get to view in it's entirety to properly defend for my defense) the court would have seen the violation of the false promise act

"Let you tell me what you did I will tell the DA it was an accident my statement was" __H__ __I__ __did it__ never stated I intentionally harmed son" "confession" was made after I refused to continue interrogation. my miranda rights were not read to me by arresting Officer, assisting Officer or Magistrate of Palo Pinto County magistrate - "were you being to Court Bond" me - No magistrate proceeds & look back down at paperwork mark out original bond amount then handed me paperwork view jail video of Bond setting for evidence of violation of miranda Rights.

Sincerely

Johnny Davis Jr.

SHERRY WILLIAMSON, CLERK

JAN 15 2015

RECEIVED
IN COURT OF APPEALS
ELEVENTH DISTRICT



In The

# Eleventh Court of Appeals

_____

No. 11-14-00112-CR

_____

## JOHNNY EUGENE DAVIS, SR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 29th District Court

Palo Pinto County, Texas

Trial Court Cause No. 15154

## MEMORANDUM OPINION

Johnny Eugene Davis, Sr., entered an open plea of guilty to the third-degree felony offense of injury to a child. The trial court accepted Appellant's plea, convicted Appellant of the offense, and assessed Appellant's punishment at confinement for eight years and a fine of $2,500. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw in this appeal. The motion is supported by a brief in which counsel professionally and

conscientiously examines the record and applicable law and concludes that there are no arguable grounds to advance on appeal. Counsel has provided Appellant with a copy of the motion and a copy of the brief, and counsel has advised Appellant of his right to review the record and file a response to counsel's brief.[1] A response has not been filed.[2] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.). Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

---

[1] Counsel has also provided Appellant with a copy of the record.

[2] By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief. The response, if any, was due for filing on or before August 27, 2014. Appellant filed a pro se motion for extension of time to file a pro se response. We granted the motion in part and ordered that the response was due for filing in our court on or before November 10, 2014. Appellant has not filed a response.

2

The motion to withdraw is granted, and the appeal is dismissed.


PER CURIAM


November 20, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

Johnny DAVIS SR # 1923674

% McConnell Unit

3001 S Emily Drive

Beeville TX 78102

7644680271

Court Of Appeals

Eleventh District of Texas

P.O Box 271

Eastland TX 76448

SAN ANTONIO TX 780
RIO GRANDE DISTRIC
13 JAN 2015 PM 3 L

FOREVER USA

FOREVER USA

2